UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHRISTOPHER SEAN FRANCIS, acting on behalf of infant child, K.K.S.F.,

                        Petitioner,

- against -

SHELLON ROBERTA CULLEY,

                        Respondent.

No. 1:20-cv-3326 (PKC-RLM)

**The Hague Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980**
**International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.***

**JOINT STIPULATIONS OF FACT**

Petitioner Christopher Sean Francis ("Petitioner") and Ms. Shellon Roberta Culley ("Respondent") stipulate and agree to the factual statements below for the expedited hearing in the above-captioned proceeding. The below joint stipulations of fact are made for the purposes of streamlining the present proceeding only, and are not admissions as to the truth of any stipulated fact for the purposes of any other proceeding. Further, the parties do not concede that any of the below stipulated facts is relevant to any claim or defense at issue in this proceeding.

A. **Petitioner's *Prima Facie* Case Is Established[1]**

1. K.K. was habitually resident in Trinidad and Tobago from her birth until April 5, 2019.

---

[1] The parties agree that Stipulations 1 through 5, taken together, establish the elements of Petitioner's *prima facie* case of wrongful removal or retention under the Hague Convention.

2. Immediately prior to leaving Trinidad and Tobago on April 5, 2019, Petitioner and Respondent jointly exercised custodial rights to K.K. under the laws of Trinidad and Tobago from her birth.

3. Prior to leaving Trinidad and Tobago on April 5, 2019, Respondent informed Petitioner that she intended to take the children on a two-week vacation to Guyana.

4. Prior to leaving Trinidad and Tobago on April 5, 2019, Respondent did not inform Petitioner that she intended to take the Child to the United States.

5. Prior to leaving Trinidad and Tobago on April 5, 2019, Respondent did not inform Petitioner that she intended to remove the child from the country for any purpose other than a vacation of approximately two weeks.

**B. Parties**

4. Petitioner is a Trinidadian national.

5. Respondent is a citizen of Guyana who resided in Trinidad and Tobago from 2007 until she traveled to the United States on April 5, 2019.

6. Respondent met Petitioner in Trinidad and Tobago in 2007.

7. In or about 2007, Petitioner and Respondent began an intimate relationship while both were living in Trinidad and Tobago.

8. Respondent's son from a prior relationship, J.M., lived with Petitioner and Respondent in Trinidad and Tobago continuously from 2009 until April 5, 2019.

9. Petitioner and Respondent have one child together: K.K.

10. K.K. was born in 2010 in Mount Hope in Trinidad and Tobago.

11. On or about April 20, 2012, the Petitioner and Respondent married in Trinidad and Tobago.

12. Petitioner and Respondent lived together continuously from 2007 to April 5, 2019.

13. Respondent's sister, Omeanda Gilbert, resides in Trinidad and Tobago.

14. Before she left Trinidad and Tobago with K.K. and J.M. on April 5, 2019, Respondent was self-employed as a nail technician.

C. **K.K's Personal History**

15. From the time of her birth to April 5, 2019, K.K. resided with Petitioner, Respondent, and J.M. in Trinidad and Tobago at the following addresses:

   a. November 2010 through July 2011: McDonald Street

      Curepe, Trinidad and Tobago

   b. July 2011 to 2014: #31 Robin Crescent Edinburgh 500

      Chaguanas, Trinidad and Tobago.

   c. 2014 through April 5, 2019: #103 Robin Crescent, Edinburgh 500

      Chaguanas, Trinidad and Tobago.

16. K.K. has family in Trinidad and Tobago on Petitioner's side, including her paternal grandmother, Agnes Francis, her paternal aunt, Helen Francis-Baptiste and uncle, Sherwin Baptiste, and their children and K.K.'s cousins, Adria, Alexia and Aidan; her paternal uncle, Christian Francis and aunt, Kemba Ifill-Francis, and their child and K.K.'s cousin, Kayla.

17. Petitioner and Respondent jointly exercised rights of custody to K.K. under the law of Trinidad and Tobago from the time of her birth onward.

18. Petitioner provided care for K.K. when he was not at work.

19. Petitioner was involved in the care of K.K. throughout her life.

3

20. Petitioner sometimes picked up and dropped off K.K. from daycare, pre-school, and school; occasionally helped K.K. with her homework; and sometimes prepared meals and put K.K. to bed during times that Respondent was at work.

21. Petitioner has accompanied K.K. to social events, parties, movies, the beach, and the park.

22. K.K. attended Edinburgh Government Primary School in Chaguanas, Trinidad and Tobago from 2012 through April 5, 2019.

**E. Respondent's Relocation to the United States with K.K. and J.M. in April 2019**

23. On April 5, 2019, Petitioner met Respondent, J.M., and K.K. at the airport and said goodbye to K.K.

24. K.K. did not travel to Guyana on April 5, 2019 or any time thereafter.

25. On April 5, 2019, Respondent, K.K. and J.M. flew from Trinidad and Tobago directly to the United States and landed in the early morning of April 6, 2019 at John F. Kennedy Airport in New York City, and their passports were stamped with the date April 6, 2019.

26. On or around April 15, 2019, Respondent informed Petitioner that she did not intend to return to Trinidad and Tobago or return K.K. to Trinidad and Tobago.

27. In April 2019, Respondent registered K.K. to attend school at the School of the Performing Arts at P.S. 315 in Brooklyn, New York.

28. On or about October 1, 2019, Respondent filed a Domestic Incident Report with the NYPD against Bruce Blocker following a domestic incident.

29. The October 1, 2019 complaint report for the October 1, 2019 domestic incident indicates that Respondent informed the NYPD of another domestic incident on September 29, 2019 involving Bruce Blocker.

30. On or about October 10, 2019, Respondent filed a Domestic Incident Report with the NYPD against Bruce Blocker following an October 8, 2019 domestic incident.

31. Respondent obtained a two-year Order of Protection dated December 11, 2019 against Bruce Blocker.

32. On or about December 23, 2019, Respondent filed a Form I-360 VAWA self-petition with the United States Citizenship and Immigration Services.

**SO STIPULATED AND AGREED**

Dated: October 14, 2020

| DUANE MORRIS LLP | DAVIS POLK &WARDWELL LLP |
|---|---|
| By: s/ Ralph Carter<br>    Kevin J. Fee<br>    Ralph Carter<br>    Brittany Pagnotta<br>1540 Broadway<br>New York, New York 10036-4086<br>Phone: (212) 692-1000<br>Email  kjfee@duanemorris.com<br>         rcarter@duanemorris.com<br><br>*Pro Bono Attorneys for Petitioner*<br> *Christopher Sean Francis* | By: s/ Sharon Katz<br>Sharon Katz<br>Dara Sheinfeld<br>Kathryn Bi<br>James Y. Park<br>Matthew S. Vasilakos<br>Sean Stefanik<br>450 Lexington Avenue<br>New York, New York 10017<br>Tel: (212) 450-4000<br>Fax: (212) 701-5800<br>Email: sharon.katz@davispolk.com<br>          dara.sheinfeld@davispolk.com<br>          kathryn.bi@davispolk.com<br>          james.park@davispolk.com<br>          matthew.vasilakos@davispolk.com<br>          sean.stefanik@davispolk.com<br><br>*Counsel for Respondent* |

Dated: New York, New York
       October ___, 2020

SO ORDERED:
s

_____
The Honorable Pamela K. Chen
United States District Judge

5